NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1364
_____

STANLEY F. FROMPOVICZ, JR.,
                                             Appellant

v.

DAVID HISSNER; LISA DANIELS; DAWN HISSNER; LYNNE SHEETZ; ROD
NESMITH; JEFFREY ALGYER; DAVID MITTNER; PETER MANGAK; TODD
OSTIR; BRIAN YAGIELLO; BRIAN BUSHER; JASON MINNICH;
JOSHUA KRAMMES; PADEP DOES 1-10; LYDIA JOHNSON; GARY LANDIAK;
JUDITH MILLER, PADOA DOES 1-10; CHAD A. REISCH
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court Civil No. 5-17-cv-02790)
District Judge:  Honorable Joseph F. Leeson, Jr.

Submitted Under Third Circuit L.A.R. 34.1(a)
October 23, 2020

BEFORE:  CHAGARES, GREENAWAY, JR., and NYGAARD, *Circuit Judges*

(Filed: January 21, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

NYGAARD, *Circuit Judge.*

Stanley Frompovicz, Jr. sold water from his property, subject generally to the provisions of the Pennsylvania Safe Drinking Water Act (35 Pa. Cons. Stat. §§ 721.1-721.17) and the specific monitoring requirements in the regulations, 25 Pa Code §§ 109.1001-109.1009. In June 2015, water from his "Far Away Auburn" property tested positive for *E. coli* and coliform. Frompovicz's response to this problem did not comply with the regulations and so the Commonwealth's Department of Environmental Protection issued a Field Order on June 18, 2015.[1] Frompovicz alleges that DEP's subsequent actions, and the conduct of a host of Commonwealth employees,[2] infringed his rights to substantive due process; violated procedural due process, equal protection, and the Takings Clause; and constituted retaliation and conspiracy under 42 U.S.C. § 1983. Frompovicz appeals the District Court's denial of his motion for partial summary judgment and its grant of summary judgment in favor of Appellees, arguing the analysis ignored his arguments and parts of the record. We will affirm.[3]

Presuming that Frompovicz's use of a state-issued permit to sell water from his property is the fundamental constitutionally protected interest at stake, the cross motions for summary judgment on the claim of a substantive due process violation turn on the

---

[1] The District Court dismissed any claims that were based on conduct by Appellees alleged to have occurred prior to June 19, 2015. *See Frompovicz v. Pa. Dep't of Env't Prot.*, 2018 WL 4145039, at *3 (E.D.Pa. 2018).

[2] David Hissner, Lisa Daniels, Dawn Hissner, Lynne Scheetz, Rod Nesmith, Jeffrey Algyer, David Mittner, Peter Mangak, Todd Ostir, Brian Yagiello, Brian Busher, Jason Minnich, Joshua Krammes, Chad A. Resich, John Does #1-10 of DEP, Lydia Johnson, Gary Landiak, Judith Miller, and Department of Agriculture John Does #1 -10.

[3] We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary.

existence or absence of evidence that Appellees deprived him of this protected interest in a manner that shocks the conscience. *See Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008). Although it is always fact-specific, deprivation that shocks the conscience refers to "'only the most egregious official conduct,'" an abuse of authority such as "corruption, self-dealing, [or] bias against an ethnic group." *Id.* at 219-20 (quoting *United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.*, 316 F.3d 392, 400 (3d Cir. 2003)).

The Commonwealth's Field Order addressed, in part, Frompovicz's "failure to re[s]pond to an acute violation/situation," (J.A. 263) specifying that Frompovicz must "immediately cease hauling water from Spring 001 " (the site with the contaminated water) and that he "continue to refrain from hauling water from Spring 001 for any human consumptive purposes" until he received confirmation from DEP that shipments of water may resume. J.A. 264-65. There is no factual dispute that multiple samples tested positive for *E. coli* and that DEP is requiring Frompovicz to take particular action (i.e. ensuring water drawn from this site undergoes treatment equivalent to 4-Log inactivation, or developing a Surface Water Inspection Protocol) to obtain the needed confirmation to resume operations. He has not complied.

The focal point of his claim is DEP's refusal to give confirmation to allow operations to resume. Frompovicz prevaricates on the need for him to do anything further. He also makes a variety of unsubstantiated statements in his brief to explain why such remediation has not occurred, ranging from delegation (asserting DEP ignored his customer's 4-Log capabilities—a claim refuted by evidence) to dubiety (alleging confusion because of poor guidance and communication from DEP on necessary next

3

steps).  But even if he had raised something specific that approached egregious misconduct by Appellees, bald assertions are insufficient to support his motion, or survive Appellees' motion at summary judgment.  Our review of the record before the District Court did not identify any material evidence of anything close to conscience-shocking conduct in Appellees' dealings with him, particularly in light of the public health issue at stake.  For this reason, we conclude that the District Court did not err by denying Frompovicz's motion for partial summary judgment and granting summary judgment in favor of Appellees.

Frompovicz's procedural due process claim fairs no better.  The Field Order given to Frompovicz on June 18, 2015 contained a plainly visible notice of his right to appeal "within 30 days of receipt of written notice of this action."  J.A. 265.  He did not appeal. In his brief to this Court Frompovicz asserts without evidence that he was compliant with DEP's requirements and claims without evidence that Appellees misled him about his need to appeal.  None of this impairs the validity of the notice he received, nor the process he failed to engage.  The notice and his failure to respond to it are fatal to his procedural due process claim.  As a result, the District Court properly granted summary judgment in favor of Appellees.

Without a viable due process claim, Frompovicz lacks any basis for asserting a conspiracy to deny him due process.  Unsupported averments in his appellate brief that DEP conspired with competitors to harm him do nothing to save this claim.  The District Court did not err by granting Appellees' summary judgment on the conspiracy claim.

4

The Takings Clause cause of action is predicated on Frompovicz's contention that DEP's imposition and enforcement of the Field Order deprives him of economic benefit from the use of his property. As noted above, the order prohibits hauling water from the Far Away Auburn site until DEP confirms that "usage may resume." J.A. 265. DEP's confirmation hinges on him addressing the contamination problem with proper corrective action. The District Court rightly concluded that Appellees' withholding of the necessary confirmation is consistent with the Commonwealth's police power under the SDWA. Appellees acted to curtail a noxious use of the property to protect public health. *See Nat'l Amusements Inc. v. Borough of Palmyra*, 716 F.3d 57, 63 (3d Cir. 2013). And further, it correctly observed that Frompovicz has a pathway to resume operations at Far Away Auburn by satisfying DEP's requirements to resolve this public health problem. This is not a permanent condition. All of this vitiates any regulatory taking claim. The District Court did not err by denying Frompovicz's motion for partial summary judgment and granting summary judgment in favor of Appellees.

Woven throughout all of Frompovicz's claims is an allegation that Appellees treated competitors more favorably. An equal protection class-of-one claim requires evidence that Appellees intentionally treated a similarly situated party different from Frompovicz, and that this disparate treatment lacked a rational basis. "Similarly situated" means "alike 'in all relevant aspects.'" *Startzell v. City of Philadelphia, Pa*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). Frompovicz makes numerous unsupported averments in his brief about his competitors that appear to stretch far into the past. But after reviewing the entire record for facts that

5

could support this claim,[4] we did not identify any evidence to reasonably infer that Appellees treated a similarly situated party—i.e., a competitor who failed to take required responsive action after samples from one site test positive for *E. coli*—in a materially different way. Moreover, in general, Frompovicz does not raise any evidence to reasonably infer that Appellees acted arbitrarily towards him. The District Court did not err.

As for retaliation, we could not identify any evidence showing that Frompovicz engaged in relevant "constitutionally protected conduct" from which retaliation by Appellees could be claimed. *Conard v. Pa. State Police*, 902 F.3d 178, 183 (3d Cir. 2018). Because of this we conclude the District Court did not err by granting summary judgment here.

Finally, to the extent that Frompovicz appeals the District Court's summary judgment on claims against Appellees in their individual and official capacities, we already have concluded that the record does not provide evidence of any constitutional injury. Without it these claims properly failed.

For all of these reasons, we will affirm the order of the District Court.

---

[4] *See supra* note 1.